## TILLEY v. St. L. & San Francisco Ry. Co.

1. RAILROAD COMPANIES: *Action against, for damages by fire: Burden of proof as to negligence.*

Under section 5537, Mansf. Dig., which provides that, "all railroads which are now, or may hereafter be built and operated, in whole or in part, in this State, shall be responsible for all damages done or caused by the running of trains in this State," a *prima facie* case is made for the plaintiff in an action against a railroad company for damages caused by fire, when it is proved that the fire originated from an engine; and it then devolves upon the railway company to exonerate itself from the charge of negligence. *Railroad Co. v. Payne, 33 Ark., 818.*

2. SAME: *Same: Contributory negligence.*

In an action against a railroad company for damages resulting from fire communicated by an engine, the plaintiff cannot recover where he could have prevented the injury, yet made no effort to do so. But where there is testimony tending to show that any attempt to suppress the fire after it was discovered, would have been fruitless, it is error to instruct the jury, without any reference to the plaintiff's ability to cope with the fire, that if he had notice that his property had been set on fire, and made no attempt to put it out, he cannot recover for any damages subsequently resulting.

|     |     |
|-----|-----|
| 49  | 535 |
| 57  | 140 |
| 49  | 535 |
| 59  | 111 |
| 49  | 525 |
| 63  | 639 |
| 49  | 535 |
| 67  | 374 |
| 49  | 535 |
| 73  | 552 |
| 76  | 135 |
| 49  | 535 |
| 89  | 279 |
| 90  | 382 |

APPEAL from *Sebastian* Circuit Court.

R. B. RUTHERFORD, Judge.

*Clendening & Read* and *F. A. Youmans* for appellant.

1. Fire having been caused by sparks escaping from an engine, whereby property is destroyed, the burden is on the railroad company to show want of negligence. *Mansf. Dig.,* sec. 5537; 33 Ark., 816; 3 C. B. Rep., 229; 28 Ill., 9; 58 id., 393; 56 id., 30; 86 id., 444; 53 Mo., 366; 60 id., 227; 61 id., 38; 1 Thomp. Neg., 153; 30 Am. Dec., 71, note.

2. If fire is discovered by the side of the track shortly after an engine has passed, it may be presumed that it originated from sparks from the engine. 1 Thomp. Neg., 154; 7 Heisk., 451; 21 Minn., 60; 7 Am. & E. R. Cas., 501.

3. While it was plaintiff's duty to endeavor to put out the fire, after its discovery, yet, if it was impossible to do so, or futile to try to stop its headway, he would still be entitled to recover if the fire escaped through the railroad's negligence. *42 Ill., 355; 37 Ark., 333; 30 id., 383; 12 Ohio St , 312.*

4. It was the duty of the railroad to keep its road-bed and right of way free from inflammable materials, and the fact that it allowed dry grass and weeds to accumulate thereon, is a circumstance from which the jury might infer negligence. *9 Nev., 271; Cent. L. J., No. 16, April 1887, p. 369; 49 N. Y., 420; 51 Ind., 150; 39 Md., 251; 40 Cal., 14; 50 Cal., 176; 39 N. J. L., 299; 26 Wisc., 223; 74 N. C., 377; 28 Ill., 9.*

*W. H. H. Clayton* for appellee.

1. To entitle plaintiff to recover he must show—1st, that the fire originated from the railroad's engines; and, 2d, that there was negligence on the part of the company's servants in permitting its escape. *14 N. Y., 224; 2 Wood Ry. Law, 1346; 93 Penn. St., 337; id., 341; 8 Hun. (N. Y.), 599; 2 A. & E. R. Cases, 267; Redf. on Rys. (5th ed.), 476.*

2. The discovery of fire on or near a railroad track shortly after the passage of a train is not of itself evidence of negligence on the part of the railroad, etc. *2 A. & E. R. Cas., 267; 11 id., 72.*

3. If plaintiff or his agent had notice or knowledge of the fire, and made no exertion to put it out, he cannot recover. *13 Am. & E. R. Cases, 492; 11 id., 79; 1 Thomp. Neg., 169; 42 Ill., 355.*

4. The company is not bound, as a matter of law, to keep its road and right of way free from grass and weeds, etc., and it is not negligence *per se* on the part of the company, to permit such accumulations. *13 A. & E. Cas., 491; 47 Ill., 497; id., 505.*

5. Section 5537, Mansfield's Digest, does not shift the burden of proof on the defendant to show want of negligence. It only makes railroads liable for damages caused by the *negligent* running of its trains. *33 Ark., 816.*

At common law, the burden of showing negligence was on plaintiff, and the statute has not changed the rule. · See *Thomp. Neg., vol. 2, p. 1232, sec. 4, and p. 1227, sec. 3, and p. 1233, sec. 6; 1 Wharton Ev., 360; Pearce R. R., 437; 2 Rover on Rys., 796; 2 Wood Ry. Law, 1349; Whittaker Smith on Neg., notes to pp. 71 & 72; Redf. on R. R., 476; 1 Thomp. Neg., 154; 29 Am. & E. R Cases.*

SMITH, J.  This was an action for damages against the railway company for burning the plaintiff's grass and peas.  The complaint alleged that the defendant had negligently suffered its right of way to grow up with weeds and grass ; that one of its engines had emitted sparks, coals of fire and cinders, which had set fire to the weeds and grass along the right of way and the fire had spread to the adjoining land of the plaintiff and consumed his crop.

The answer denied specifically all the allegations of the complaint.  A trial was had, resulting in a verdict for the defendant.  The plaintiff asked for a new trial for misdirection of the jury; but his application was refused.

The defendant's road ran through the plaintiff's farm and its right of way was one hundred feet in width.  Immediately after the passage of a train, the fire was discovered on or near the road-bed, and it was thence communicated to the plaintiff's field and destroyed a portion of his crop.  There was also testimony conducing to show that some tramps had recently before walked along the track, and that one of them had a lighted pipe.  The two laborers on the plaintiff's farm, who had first noticed the fire; made no efforts to suppress it; neither did the manager of the farm, who was a few hundred

yards distant and to whom information was given. The excuse was that the fire had already acquired considerable headway, a stiff wind blowing from the direction of the railway track towards the field, and any attempt by them to stop the progress of the fire would have been fruitless. As to the presence of combustible material on and about the road-bed, the testimony was conflicting. The plaintiff adduced evidence tending to show that dry grass and weeds had been permitted to accumulate on the road-bed and right of way and that at a distance of ten or twelve feet from the road-bed, the grass was rank ; while the defendant's evidence was to the effect that its road-bed was kept clean and free from grass and weeds between the rails and for two feet on either side of the track, and that outside of those limits the grass, which grew upon its right of way, was thin and short wire grass. It was also shown that the particular engine, which was supposed to have scattered the fire, was in excellent repair, prudently managed by skilful men and supplied with the best known appliances in general use for the prevention of the escape of fire. But it was claimed to be impossible to construct an engine which would not emit sparks.

The following directions were given to the jury at the instance of the defendant, over the plaintiff's objection :

2.  In this case plaintiff must show by a prepɔnderance of the evidence, first ; that the grass and peas, etc., were burned by fire and sparks originating from the locomotive of the defendant ; second, after having established that fact, the burden is still further on the plaintiff to show by a preponderance of evidence that such sparks were permitted to escape from the locomotive by the carelessness and negligence of the defendant or its employes.

4.  The fact that fire was discovered on plaintiff's farm in a field upon the line of defendant's road, or upon the right of way of defendant's railway, shortly afier the passage of a train

or locomotive, is not of itself evidence of negligence on the part of the railway company.

6. If the jury find from the evidence that Guthrie, plaintiff's agent, had notice or knowledge that the property of plaintiff had been set on fire, and did not use any exertion to put it out nor attempt to do so, plaintiff cannot recover for any damage occasioned after that time.

The court denied the following prayer of the plaintiff:

" The court instructs the jury that in determining the question of negligence on the part of defendant, they should take into consideration the condition in which defendant's road-bed and right of way was kept at the place were said fire is alleged to have occurred. And if they find from the evidence that said defendant had permitted said road-bed and right of way to grow up with grass and weeds in such a manner as would make it liable to be set on fire by sparks, cinders or coals escaping from passing engines, and to communicate thence to plaintiff's property adjoining said right of way; and if they find from the evidence that the said grass and weeds on said right of way were set on fire by sparks, cinders or coals escaping from said engine, and that said fire did communicate to plaintiff's property adjoining, and did destroy any part of the crops growing thereon, or injure the soil of plaintiff's land, then they shall find for plaintiff."

And in lieu thereof charged the law to be as follows :

" The railroad company is not bound as a matter of law to cut grass or weeds, on either side of its road, but if such company should permit such rank vegetation to grow upon its right of way which in a dry state would be liable to be easily ignited by sparks from passing engines and thus communicate fire to adjacent property whereby the same was consumed, it is a circumstance that the jury may consider with all the other evidence in determining whether or not there was negligence on the part of the company."

A railway company, having the legal right to propel its cars by steam, is not liable for fires communicated by its engines, unless it has been negligent in their construction or management. *Vaughan v. Taff Vale Ry. Co., 5 Hurl. & N. 678; S. C. 1 Thompson on Negligence and notes; Burroughs v. Housatonic R. Co., 15 Conn., 124; S. C. 38 Amer. Dec., 64, and cases collected in note.*

Whether proof of such negligence must come from the plaintiff, or whether negligence is to be presumed from the escape of fire, is a question upon which the courts have divided. In England and in many of the States of this Union, the rule, established independently of a statute, seems to be that when it is shown that fire is set out by sparks or cinders from a locomotive, this makes a *prima facie* case against the company. The reason commonly given for the adoption of the rule is, that matters connected with the machinery and equipment of a railroad are peculiarly within the knowledge of the company, and therefore it is no hardship to require it to show that it has used due care. *Piggot v. Eastern Counties Ry. Co., 3 Man. Gr. & S., 229 (54 E. C. C. R.); Bass v. C. B. & Q. R. Co., 28 Ill., 9; Fitch v. Pac. Ry. Co., 45 Mo., 325, overruling Smith v. Hannibal, etc., R. Co., 37 Mo., 287; Burke v. Louisville R. Co., 7 Heisk., 451; Spaulding v. C. & N. W. R. Co., 30 Wis., 110; S. C. 11 Am. Rep., 550; 1 Thomps. Neg., 153; Cases collected in note 38, Am. Dec., 71.*

In *Clemens v. H. & St. Jo. R. R. Co., 53 Mo , 366,* the complaint charged negligence and the evidence tended to show that the fire was caused by one of the company's engines. Here the plaintiff rested, and the defendant moved the court to instruct the jury "that admitting the evidence adduced by the plaintiff to be true, the plaintiff has made no case, and they will find for the defendant." The instruction was given by the court, thus presenting for the consideration of the Supreme

Tilley v. St. L. & San Francisco Ry. Co.

Court the naked question of the burden of proo.. Judge
VORIES, in delivering the opinion of the court, said:

" The only question presented here is, whether the facts
proven in the case, or the facts which the evidence tended to
prove in this case, were sufficient to make a *prima facie* case
in favor of the plaintiff. The counsel for the defendant insists
that it was necessary for the plaintiff to introduce some evi-
dence of negligence on the part of the servants of the defend-
ant, other than that the fire had escaped from the locomotive,
which burned the plaintiff's fencing; that there must be some
direct evidence tending to show negligence in addition to the
evidence that the fire had escaped from the locomotive of de-
fendant, while it was passing near plaintiff's field. There is
no doubt that the authorities are conflicting on this subject.
In some courts it has been held that evidence of actual negli-
gence must be shown, while in other States it has been held
that negligence may be found by the jury from the fact that
the fire escaped from the locomotive that caused the injury,
and that it devolves upon the defendant in such case, in order
to rebut the presumption of negligence, to prove that it was
using proper and safe locomotives and engines, and that its
servants were conducting them in a proper and safe way. I
think the latter doctrine is the correct one."

In the case of *Coale et al. v. The Hannibal & St. Jo. R. R.
Co., 60 Mo., 227*, the same Judge said: " The law as settled
in this State is, that where it is proved that the property was
destroyed by fire escaping from the defendant's engine, a *prima
facie* case of negligence is made out; that the burden of proof
is then thrown on the defendant, by its evidence, to rebut the
presumption of negligence by showing the absence of negli-
gence " Also, *Coates et al. v. M., K. & T. Ry., 61 Mo., 38*.

This question is discussed and the authorities on both sides
are collated in *1 Wharton Ev., sec. 360; Wharton on Negligence,
sec. 870–2; Whittaker's Smith on Negl., 71, note; Pierce on Rail-*

*roads, 437; 1 Redf. on Railways, 452 et seq.; 2 Rorer on Railroads, 796; 2 Wood's Ry. Law, sec. 328.*

1. RAILROAD
COMPANIES:

Action against,
for damages by
fire: Burden of
proof as to negligence.

But we are of opinion that, so far as this State is concerned, the matter has been set at rest by statute. Section 5537 of Mansfield's Digest, is as follows:

" All railroads which are now or may hereafter be built and operated in whole or in part in this State, shall be responsible for all damages done or caused by the running of trains in this State."

In *L. R. & Ft. S. R. Co. v. Payne, 33 Ark., 816,* it was decided that it was not the intention of the Legislature to make railroad companies responsible for all damages done by their trains, irrespective of the question of negligence; but the effect of the statute was to shift the burden of proof. Thus, when live stock are killed by a train, the presumption arises that the causalty resulted from want of due care; but the presumption may be repelled by proof. This decision has been steadily adhered to ever since; and the reasoning upon which it is based is equally applicable to injuries by fire. So interpreted, the statute establishes the rule adopted in England and many of the States, that when it is proved that a fire originated from an engine, it devolves upon the railway company to exonerate itself from the charge of negligence.

Tested by this principle, the instructions numbered two and four were erroneous.

A railway company is bound to keep its track and contiguous land free from inflammable matter. It is not, however, negligence *per se* for it to permit dry grass and vegetation to remain on its right of way. This is only a circumstance from which the jury may infer negligence. *Smith v. London & S. W. Ry. Co., L. R. 6, C. P. 14; 1 Thomps. on Negl., 162; Wharton on Negl., sec. 873; Whittaker's Smith on Negl., 71, note; 38 Am. Dec., 72.*

The plaintiff cannot recover from the company, where he or his agents and servants could have prevented damage from the fire, yet made no effort to do so. *Wharton on Negligence, sec. 877; Ill. Cent. R. Co. v. McClelland, 42 Ill., 355.*

2. SAME:
Same: Contributory negligence.

In the sixth instruction the question of contributory negligence is made to depend on the inactivity of the plaintiff's agents and servants, after notice, without any reference to their ability to cope with the fire. The instruction does not cover all aspects of the evidence on this point.

Reversed for a new trial.