St. Louis, Iron Mountain & Southern Railway Company *v.* Dawson.

Opinion delivered January 13, 1906.

1. Railroad—communication of fire by sparks from engine—evidence.—In an action against a railway company to recover damages caused by destruction of plaintiff's property stored in a house near the track, evidence that the house was discovered to be on fire a few minutes after the engine passed, in the the absence of any other explanation of the fire's origin, justified a finding that the fire was caused by sparks from the engine, which raised a presumption of negligence, and cast upon the defendant the burden of exonerating itself. (Page 436.)

2. SAME—SUFFICIENCY OF EVIDENCE AS TO ORIGIN OF FIRE.—In an action against a railroad company for loss of property by fire alleged to have originated from defendant's locomotive, it is not necessary that the evidence should exclude all possibility of another origin, or that it be undisputed, but it is sufficient if all the facts and circumstances in evidence fairly warrant the conclusion that the fire did not originate from some other cause. (Page 436.)

3. SAME—OPINION EVIDENCE.—Where it was a matter of inquiry whether a locomotive engineer was guilty of negligence in the operation of his engine, it was competent to show, by the opinions of men experienced in the operation of such engines, the manner in which the same should be operated in order to prevent the emission of sparks when passing combustible matter. (Page 436.)

4. SAME—SUFFICIENCY OF APPLIANCES TO PREVENT FIRE.—No absolute duty rests upon a railroad company to supply its locomotives with the best improved appliances in use to prevent the escape of sparks, but it is bound to exercise reasonable care only in the selection of such approved appliances as are in use, and is not necessarily guilty of negligence because the kind selected proves in the end not to be the best. (Page 437.)

Appeal from Jefferson Circuit Court; ANTONIO B. GRACE, Judge; reversed.

*B. S. Johnson,* for appellant.

1. No presumption of negligence arises until it is shown by competent evidence that a spark or coal from one of defendant's engines started the fire. 49 Ark. 540; 33 Ark. 816; 59 Ark. 111.

2. Instruction 2 given by the court was erroneous. It was error to charge the jury that "railway companies are bound to use locomotive engines which are of the safest construction," and "to supply them with the best approved appliances and contrivances," and that a "failure to use such locomotive appliances would be negligence." The exercise of reasonable care is all the law requires. 76 Ark. 132; 114 Fed. 140; 83 Fed. 300; 15 Conn. 124; 73 Pa. St. 121; 44 Ill. 28; 31 Ind. 143; 18 Kan. 261; 41 Wis. 78; 36 N. J. L. 553; 31 Ia. 176; 61 Ark. 155; 65 Ark. 68; *Ib.* 101; 55 Ark. 396; 57 Ark. 203; 76 Ark. 69; 76 Ark. 227.

3. The testimony of Frazier as to the duty of the engineer was incompetent.

*Taylor & Jones,* for appellee.

1. The jury were fully instructed, in the light of the evidence. When the fire that caused the injury is shown to have escaped from the locomotive of the railway company, then the

presumption of negligence arises.   59 Ark. 111; 49 Ark. 535; 55 Ark. 163.

2.   Instruction 2 as given by the court was correct.   55 Ark. 179.   The effect of the instruction is not to make the company an insurer of property against fire.   The jury were properly instructed in that respect in instruction No. 1.

3.   The testimony of Frazier was competent.

McCulloch, J.   This is an action against the railway company to recover damages caused by destruction by fire of plaintiff's property, a lot of seed-cotton stored in a house near the railroad track.

It is contended that the verdict is not sustained by the evidence.   The facts are similar to those in *St. Louis, I. M. & S. Ry. Co.* v. *Coombs,* 76 Ark. 132, and the principles of law announced in that case are controlling in this.   The plaintiff introduced testimony tending to show that the house containing the cotton was discovered to be on fire a few minutes after the engine passed, and there was no other evidence to explain the origin of the fire.   The jury were justified, therefore, in finding that the fire was caused by sparks from the engine, which raised a presumption of negligence and placed upon the defendant the *onus* of exonerating itself.   *St. Louis, I. M. & S. Ry. Co.* v. *Coombs, supra.*

It is not required that the evidence should exclude all possibility of another origin, or that it be undisputed.   It is sufficient if all the facts and circumstances in evidence fairly warrant the conclusion that the fire did not originate from some other cause.   *Crist* v. *Erie Ry. Co.,* 58 N. Y. 638.

The testimony was conflicting as to whether defendant was guilty of negligence in failing to provide proper appliances to prevent the escape of sparks, or in failing to operate the engine with due care.   We can not say that the proof was insufficient to warrant a finding of negligence on the part of appellant.

It is claimed that the court erred in permitting a witness introduced by the plaintiff to state his opinion as to the duty of a railroad engineer in the exercise of due care in handling an engine when passing combustible matter.   The witness was shown to have been a practical engineer, who was qualified by experience to testify on the subject.   This was not erroneous.   The inquiry was

as to whether the engineer was guilty of negligence in the operation of this engine, which is alleged to have caused the fire, and it was competent to show by opinions of men experienced in the operation of railroad locomotives the manner in which the same should be properly operated in order to prevent the omission of sparks when passing combustible matter. The court removed all possible prejudice improperly resulting from this evidence by giving the following instructions asked by the defendant: "The court instructs the jury that, unless it is shown from the evidence that the engineer in charge of said train knew, or in the exercise of ordinary care should have known, that there was stored in the said cotton house loose cotton or other highly inflammable material, it was not his duty to shut off his steam in approaching or passing that part of the track along which said house was situated, and he was guilty of no negligence in failing so to do."

The court gave the following instruction over the objection of the defendant, and the giving of the same is assigned as error, viz.:

"The court instructs the jury that railway companies, being authorized by law to use steam in the operation of their trains, are bound to use locomotive engines which are of the safest construction for protection against the communication of fire therefrom to property along the lines of their roads, and to supply them with the best approved appliances and contrivances used to prevent the escape of sparks and coals therefrom to the endangering of the property of others, and to use them upon the road with such care and diligence as would be exercised by skillful, prudent and discreet persons having the control and management of them, and a proper desire to avoid injury to the property along the road. The failure to use such locomotive appliances and contrivances, and such care and diligence, on the part of the companies will be negligence, and will subject them to recovery for damages occasioned thereby, provided they occur without the contributory negligence of the owner of the property injured or destroyed."

The objection urged against this instruction is that it imposes upon the railroad company the absolute duty of supplying its locomotives with the best-approved appliances in use to prevent the

escape of sparks, instead of only exercising reasonable care in providing such appliances. The objection is well-founded.

A railway company is, by its charter, vested with a right to operate its railroad, and is not an insurer of property along or near the line of its road, nor of the safety and perfection of the appliances adopted to prevent the escape of fire from its engines. Its duty is merely to exercise reasonable care to provide the best and safest approved contrivances in use to prevent the escape of fire, and it is only liable for a negligent failure in this respect. There may be several different kinds of such contrivances in use by railway companies, and there may be an honest difference of opinion, among those competent to judge of the matter, as to which is the best and safest. It is conceded by all that none of such appliances will absolutely prevent the escape of sparks under all circumstances. The railway company is only bound to exercise reasonable care in the selection of such approved appliances from those in use, and is not necessarily guilty of negligence because the kind selected proves in the end not to be the best. Of course, it is competent to show what is the best, in order to establish the fact whether or not there has been negligence in making the selection, but it does not necessarily follow as a matter of law that the failure to select the best establishes negligence. *St. Louis, I. M. & S. Ry. Co.* v. *Coombs, supra; Lesser Cotton Co.* v. *St. Louis, I. M. & S. Ry. Co.,* 114 Fed. 133; *Rosen* v. *Railroad Co.,* 83 Fed. 300; *Hagan* v. *Railroad Co.,* 86 Mich. 615; *Flinn* v. *N. Y., etc., Ry. Co.,* 142 N. Y. 11; 3 Elliott on Railroads, p.1898

We are therefore of the opinion that the giving of this instruction was erroneous. It is true that the instruction follows the language used by this court in *Railway Company* v. *Fire Association,* 55 Ark. 163; but in that case an instruction·of the trial court was not under discussion, and the effect of the evidence in support of the charge of negligence was being discussed. The language used therein was a statement in general terms of the duty of the company to exercise care in the construction and operation of its trains, it being shown by the undisputed evidence in that case that the locomotive from which the fire escaped was in bad condition, and was provided with no contrivances for the prevention of the escape of sparks. The question now presented in the case at bar was not before the court in that case, and was not discussed in the

opinion. The language used in that case with reference to the undisputed facts therein was not applicable in this case as an instruction to the jury upon the conflicting testimony introduced. It was in conflict with the instructions on the subject given at the instance of the defendant, and was calculated to mislead the jury. *St. Louis, I. M. & S. Ry. Co.* v. *Aven,* 61 Ark. 155; *Fordyce* v. *Edwards,* 65 Ark. 191; *Goodell* v. *Bluff City Lumber Co.,* 57 Ark. 203; *Fletcher* v. *Eagle,* 74 Ark. 585; *St. L. & N. Ark. Ry. Co.* v. *Midkiff,* 75 Ark. 263.

For the error in giving this instruction the judgment is reversed, and the cause remanded for a new trial.