ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*
THOMPSON-HAILEY COMPANY.

Opinion delivered April 30, 1906.

1. RAILROAD—NEGLIGENCE—FIRE.—A verdict that a fire was caused by the negligence of the defendant railway company will be supported by evidence that the fire was communicated by sparks from defendant's engine, and that the emission of sparks was caused by negligence of the company either in failing to provide suitable appliances to prevent the escape of sparks or in the operation of the engine. (Page 13.)

2. SAME—MEASURE OF DUTY IN REGARD TO FIRE.—It was error to instruct the jury that the absolute duty is imposed upon a railway company of supplying its locomotives with the best approved appliances in use and of keeping them in good condition, the measure of its duty being limited to the exercise of reasonable care in providing such appliances and keeping them in good condition. (Page 13.)

3. INSTRUCTION—CONFLICT.—Erroneous instructions are not cured by correct ones, if the instructions were conflicting and calculated to mislead the jury. (Page 13.)

Appeal from Woodruff Circuit Court; *Hance N. Hutton,* Judge; reversed.

*B. S. Johnson,* for appellant.

1. The court erred in the instructions to the jury as to the duty of the appellant to equip its locomotives with appliances to prevent injury to property upon its right of way. It is chargeable with the duty to exercise only reasonable care in the selection of these appliances. 76 Ark. 132; 14 Fed. 140; 83 Fed. 300; 15 Conn. 124; 73 Pa. St. 121; 44 Ill. 28; 31 Ind. 143; 18 Kan. 261; 41 Wis. 78; 36 N. J. L. 553; 31 Ia. 176; 77 Ark. 434.

*J. F. Summers,* for appellee.

2. The verdict was contrary to the evidence.

1. The exceptions to the instructions of the court were general, the court's attention was not directed to the features urged here as objectionable, and they are not properly before this court. 73 Ark. 596; 65 Ark. 255; 65 Ark. 54; 66 Ark. 264; *Ib.* 46. If there was error in the instructions complained of, it was cured by others given, and by the court's direction to the jury that all the instructions were to be considered together.

Since it is in proof that appellant's engine was provided with the best spark arrester and contrivances to prevent the escape of fire known and in use in practical railroading, appellant was not prejudiced by the instructions.

2. The testimony warranted the verdict.

McCULLOCH, J. This is an action brought by appellee to recover the value of a lot of cotton destroyed by fire alleged to have been negligently set out by a defective locomotive. The cotton was situated on the platform of the railway company at McCrory, Arkansas. The complaint also alleged that the locomotive was negligently operated so as to emit sparks and cinders.

The plaintiff recovered judgment below for the value of the cotton, and the defendant appealed.

The testimony adduced at the trial was sufficient to bring the case within the principles announced in *St. Louis, I. M. & So. Ry. Co.* v. *Coombs,* 76 Ark. 132, and was ample to warrant the verdict. It was sufficient to justify a finding that the fire was communicated by sparks from the engine, and that the emission of sparks was caused by negligence of the company either in failing to provide suitable appliances to prevent the escape of sparks, or in the operation of the engine.

The court erred, however, in giving instructions which imposed upon the company the absolute duty of supplying its locomotives with the best approved appliances in use, and of keeping them in good condition, instead of requiring only the exercise of reasonable care in providing such appliances and keeping them in good condition. *St. Louis, I. M. & So. Ry. Co.* v. *Dawson,* 77 Ark. 434, and cases cited.

It is contended by counsel for appellee that the erroneous instructions were cured by correct ones given at the instance of the defendant. That did not cure the error. The instructions were not harmonious, but were conflicting and calculated to mislead the jury. *Fletcher* v. *Eagle,* 74 Ark. 585.

For the errors in this respect the judgment is reversed, and cause remanded for a new trial.