ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* TROTTER.

Opinion delivered January 8, 1909.

1.  RAILROADS—FIRE COMMUNICATED FROM ENGINE—INSTRUCTIONS.—In an action against a railroad company to recover damages caused by fire communicated from an engine, the court charged that "a presumption of negligence on the part of the defendant arises which is not rebutted by proof that the engine was equipped with proper appliances unless it is shown to your satisfaction by the evidence by the defendant that said engine was operated with reasonable care *so as to prevent the escape of sparks at the time it passed the building which was consumed."* *Held* not objectionable as making the railroad absolutely liable for damages caused by escaping sparks where in other instructions the jury were told that the railroad company would not be liable therefor unless it was negligent in the construction, or maintenance, or operation of the engine, and such negligence caused the fire.    (Page 278.)

2.  SAME—CONCLUSIVENESS OF TESTIMONY.—It was not improper to instruct the jury that they were not bound to accept the statement of witnesses that the engine alleged to have caused the injury complained of was in good order and carefully operated, although there might be no direct evidence to contradict them, but that they should consider all the circumstances and evidence bearing upon the condition of the engine and mode of operating it and the circumstances under which the fire took place.    (Page 278.)

3.  SAME—FIRE—PRESUMPTION.—In an action against a railroad company to recover damages caused by destruction of plaintiff's hay stored in a barn near defendant's track, evidence that sparks of fire were seen

flying from defendant's locomotive, and that in a few minutes the barn and its contents were on fire, and were consumed by fire, was sufficient, in the absence of any other explanation of the fire's origin, to support a finding that it was caused by sparks from the engine, which finding would raise a presumption of negligence and cast upon the defendant the burden of exonerating itself. (Page 279.)

Appeal from Monroe Circuit Court; *Frederick D. Fulkerson,* Judge on Exchange of Circuits; affirmed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

A railway company is not liable for fire caused by sparks from its engine, unless such engine is negligently operated. 33 Ark. 816; 59 *Id.* 105; 76 *Id.* 132; 77 *Id.* 434.; 78 *Id.* 234; 81 *Id.* 368. A railway company is not required to prevent altogether the escape of sparks from its engine. It is only required to use reasonable care by using approved appliances for that purpose. 39 Am. & Eng. R. Cas. (N. S.) 494; 28 *Id.* 50; 36 N. E. 414; 42 *Id.* 818; 15 Am. & Eng. R. Cas. 531; 13 *Id.* 476; *Id.* 479 and notes; 41 Am. & Eng. R. Cas. (N. S.) 482; 114 Fed. 133; 101 *Id.* 102; 121 *Id.* 924; 59 Ark. 105.

*Manning & Emerson,* for appellees.

Where there is any legally sufficient evidence to support the verdict of the jury, appellate courts will not interfere with the jury's finding upon issues of fact. 67 Ark. 47; *Id.* 531; *Id.* 433; 70 *Id.* 512; 76 *Id.* 326; 84 *Id.* 406; 85 *Id.* 193. Where there is proof that an engine passed near inflammable material immediately before the discovery of fire, there being no evidence to explain its origin, the jury may infer that the fire originated from sparks from the engine. 59 Ark. 317; 76 *Id.* 132. When it is shown that the property was destroyed by sparks from the railway company's engine, the burden shifts, and the railway company must show that there was no negligence in the construction and operation of its engine. 49 Ark. 535; Kirby's Dig. § 6773. A jury is not bound to accept as conclusive the statement of witnesses that the engine was in good order, although there might be no direct evidence to contradict them. 76 Ark. 132. The burden was on the railway company to show, not only that the engine was properly constructed, but also that it was properly managed. 59 Ark. 105. The objectionable por-

tion of an instruction should be pointed out. 78 Ark. 279. A litigant cannot take advantage of an invited error. Neither can he complain of an error in instructions asked by his opponent, if he has made the same error in instructions asked by himself. 59 Ark. 317; 67 *Id.* 532; 69 *Id.* 140; 81 *Id.* 579. It is not error to refuse to multiply instructions announcing the same legal principles. 73 Ark. 183; 66 *Id.* 523; 38 *Id.* 344; 59 *Id.* 140; 72 *Id.* 384; 74 *Id.* 33.

BATTLE, J. On the 29th day of March, 1907, Trotter & Minnis instituted an action in the Monroe Circuit Court against the St. Louis Southwestern Railway Company, alleging in their complaint that they were the owners of a barn in the town of Roe, near the railway of defendant, in which there were 167 tons of hay, the property of plaintiffs and of the value of $1050, and that the defendant's employees on that day so negligently and carelessly operated the engine of one of its freight trains as to emit sparks of fire, which were blown to and came in contact with the hay and barn and destroyed them, to their damage in the sum of $1050.

The defendant answered and denied all these allegations.

On the 29th day of March, 1907, J. O. Vannatta also brought an action against the same defendant, alleging that he owned hay of the value of $360, which was destroyed by the same fire. The defendant answered and denied all liability for the fire or loss of the hay.

These two actions were consolidated, and the issues therein were tried at the same time as in one action and before the same jury.

Evidence was adduced in the trial by the plaintiffs which tended to prove the following facts:

Trotter & Minnis owned a barn in the town of Roe, near the railway of the defendant. In it there were stored 167 tons of hay, the property of plaintiffs and of the value of $1024. In the same barn Vannatta had stored forty-six tons of hay of the value of $276. Defendant's railway runs northeast and southwest through the town of Roe, and the barn was on the north or northwest side of the railroad. The nearest point of the barn to the railroad track was eighty-seven feet. On the evening of

the 8th of November, 1906, at about eight o'clock, a large freight train of the defendant, consisting of an engine, forty-six or forty-seven box cars and a caboose, passed south or southwest on its railroad, through the town of Roe. The wind was blowing from the southeast to the northwest. Sparks were seen emitting from the engine. About fifteen or twenty minutes after the train passed, the barn and its contents were on fire. The southeast corner of the barn, being the point where it was nearest to the railroad, was first discovered to be on fire. The barn and all the hay were destroyed.

Evidence was adduced by the defendant tending to prove that the engine at the time of the fire was in good condition, and that it was equipped with the spark arresters and netting generally used by railroads to prevent the escaping of fire, without any holes or abrasions in the netting.

The court instructed the jury at the request of plaintiffs over the objections of the defendant in part, as follows:

"2. That it is the duty of the defendant railway company to exercise reasonable care in providing its engines with the most approved appliances and contrivances in general use by railroads throughout the country for the prevention of the escape of sparks, and it is also the duty under the law of the railway company to exercise reasonable care in keeping said appliances in good condition, so as to prevent the escape of sparks from its engine; and in this case, if you believe from the evidence that the fire which destroyed the barn of plaintiff with its contents was caused by sparks that escaped from the engine of the defendant, a presumption of negligence on the part of the defendant arises, which is not rebutted by proof that the engine was equipped with proper appliances unless it is shown to your satisfaction by the evidence by the defendant that said engine was operated with reasonable care *so as to prevent the escape of sparks at the time it passed the building which was consumed.*

"3. That you are not bound to accept as conclusive the statement of the witnesses that the engine was in good order and carefully operated, although there may be no direct evidence to contradict them, but you will consider all the circumstances and evidence bearing upon the condition of the engine and mode of

operating it, and the circumstances under which the fire took place, in arriving at your verdict."

The court instructed the jury as follows at the instance of the defendant:

"2. The defendant is not required to show in what manner o. from what source the fire which burned the plaintiff's hay originated; nor is the defendant required to show that the fire was not caused by sparks from its engine, but it is incumbent upon the plaintiffs, before they shall be entitled to recover in this action, to prove by a preponderance of the testimony that the fire originated from a spark or sparks escaping from or thrown out of the defendant's freight train engine, and to entitle plaintiffs to recover it is not sufficient to prove that said fire may have originated from sparks thrown out by or escaping from the defendant's engine, but they must go further and prove by a preponderance of the testimony that the fire did in fact so originate.

"3. But, even if you should find that the fire in question originated from the sparks escaping from the defendant's engine, it would not necessarily follow that the defendant would be liable for the damages occasioned by such fire. The railway company, under the laws of this State, had a legal right to propel its cars by steam, and it would not be liable for damages done by fire caused by sparks escaping from its engine, unless it was negligent in the construction or maintenance or operation of such engine, and unless such negligence caused the fire.

"4. If you find from the evidence that the defendant had exercised ordinary and reasonable care in providing its engine with the most approved appliances and contrivances in general use by the railroads throughout the country for the prevention of · the escape of sparks, and that said appliances and contrivances were in good condition and free from defects, and further find from the evidence that the engineer in charge of the engine was in the exercise of reasonable care in the handling of the engine and the train, then your verdict should be for the defendant, even though you believe from the evidence that the fire in question originated from sparks escaping from said engine."

Other instructions were given, and others were asked by the defendant and refused by the court. Those refused were covered by instructions given.

The jury returned a verdict in favor of Trotter & Minnis for $1,024, and in favor of Vannatta for $276; and the defendant appealed.

Appellant's objection to instruction numbered 2 given at the request of appellees is that the court instructs the jury as follows: "A presumption of negligence on the part of the defendant arises, which is not rebutted by proof that the engine was equipped with proper appliances, unless it is shown to your satisfaction by the evidence by the defendant that said engine was operated with reasonable care so as to prevent the escape of sparks at the time it passed the building which was consumed." It construes these words to mean that, if the barn and hay were destroyed by fire caused by sparks that escaped from the engine of the defendant, it could not escape liability unless it proved that it so operated the engine that no sparks escaped while it was passing the barn. So construed, the words "reasonable care" and the remainder of the instruction become meaningless. Why say it was the duty of appellant to use reasonable care in providing its engines with the most approved appliances and contrivances and in keeping them in repair and in operating the engine while passing the barn, if it was absolutely liable if the fire was caused by a spark escaping from its engine? Such was not its duty, if it was absolutely liable for damages caused by a spark escaping from its engine while passing the barn. Its whole duty in that case would be to prevent the escape of sparks. It is apparent that the court did not intend to instruct the jury to that effect. It meant to tell the jury that the engine should have been operated with reasonable care to prevent the escape of sparks at the time it passed the building which was consumed. In instructions numbered 3 and 4, and given at the instance of appellant, it plainly told the jury that the appellant, the railroad company, would not be "liable for damages done by fire caused by sparks escaping from its engine, unless it was negligent in the construction or maintenance or operation of such engine, and unless such negligence caused the fire."

An instruction like instruction numbered 3 and given at request of appellees was sustained in *St. Louis, I. M. & S. Ry. Co. v. Combs*, 76 Ark. 132, 137. The effect of it was to tell the jury

that it was their duty to consider all the evidence in coming to a conclusion, and not to consider any part of it to the exclusion of the remainder.

There was evidence to sustain the verdict of the jury. This court has held that "in an action against a railway company to recover damages caused by the destruction of plaintiff's property stored in a house near the track, evidence that the house was discovered to be on fire a few minutes after the engine passed, in the absence of any other explanation of the fire's origin, justified a finding that the fire was caused by sparks from the engine, which raised a presumption of negligence and cast upon the defendant the burden of exonerating itself." *St. Louis, I. M. & S. Ry. Co.* v. *Dawson,* 77 Ark. 434; *Railway Company* v. *Dodd,* 59 Ark. 317; *St. Louis, I. M. & S. Ry. Co.* v. *Combs,* 76 Ark. 132. So in this case the jury could have inferred from the evidence adduced that the fire that consumed appellee's hay was caused by a spark escaping from appellant's engine, there being no other explanation of the fire's origin. This fact proved raised the presumption of negligence and placed upon the appellant the burden of exonerating itself. *Tilley* v. *St. Louis & San Francisco Ry. Co.,* 49 Ark. 535, and cases cited above. It has failed to do so by failing to prove that it properly operated its engine while passing the barn. There is no evidence that it did so.

Judgment affirmed.