ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* GREESON.

Opinion delivered July 3, 1911.

RAILROADS—DAMAGE BY FIRE—SUFFICIENCY OF EVIDENCE.—In an action against a railway company for destruction of a sawmill by fire communicated through sparks emitted from a passing locomotive, where there was circumstantial evidence from which it might be inferred that the fire was caused by a defective spark-arrester in defendant's locomotive, a verdict for plaintiff will be sustained.

Appeal from Nevada Circuit Court;     *Jacob M. Carter,* Judge; affirmed.

*W. E. Hemingway, E. B. Kinsworthy, W. V. Tompkins* and *James H. Stevenson,* for appellant.

1.  The evidence does not support the verdict, in that it is not shown that any of appellant's engines were throwing sparks. While under the statute, Acts 1907, p. 336, it is no longer necessary to prove that the company was negligent in the equipment or operation of its trains, it is necessary, in order to maintain an action of this character, to prove that it actually set out the fire. Some proof, direct or circumstantial, that the fire was set out by the engine is essential; and to support the conclusion that the fire was set out by the engine, it must appear that the engine was throwing sparks. 92 Ark. 569; 89 Ark. 273. No presumptions will be indulged that the engine was emitting sparks. 121 Fed. 924, 926; 68 Pac. 670, 679. Where the evidence only raises a suspicion that fire was communicated to the property destroyed by a passing engine, it is insufficient. 101 Ga. 747, 751, 29 S. E. 213; 90 Mo. App.

291, 292; 104 Mo. App. 276; 98 Mo. App. 320; 31 Mo. App. 123; 113 S. W. 1000, 1002.

*Hamby & Haynie,* for appellee.

While it is true that there is no direct testimony that either of the engines which passed appellee's property was emitting sparks at the time, yet this proof may be circumstantial as well as direct; and the circumstances developed in evidence warrant the conclusion that the fire was started by sparks emitted from one of appellant's engines. 76 Ark. 132; 77 Ark. 434; 135 S. W. 592; 43 S. W. 558; 134 S. W. 236; 123 Ga. 311, 61 S. E. 386; 36 S. E. 129, 126 N. C. 725.

It was not necessary to show that the fire was communicated by any particular engine. 222 Pa. 547, 72 Atl. 245.

Wood, J. This is a suit by the appellee for damages alleged to have been caused by the negligent burning of a sawmill owned by appellee at Prescott, Arkansas, on November 22, 1908. It is alleged in the complaint that the sawmill was situated near appellant's line of railroad, and that same was set on fire from sparks and burning cinders escaping and emitting from one of the appellant's engines.

The defendant answered, denying the allegations of the complaint.

The only question in the case, as conceded by appellant, is as to whether or not the evidence was sufficient to sustain the verdict of the jury.

We have examined the objections to the instructions offered by appellant, and we find that the case was fairly submitted to the jury.

On behalf of appellee, one of the witnesses testified that he went north on the morning of the fire on appellant's line of railroad about one mile and a half from Prescott; that he saw no fire on the railroad or close to it; that he met train No. 5 about two miles from Prescott; that on his return to Prescott about 1 o'clock P. M., train No. 7, southbound, passed him before he reached appellee's sawmill, but that after train 7 passed him he came into town and noticed fire on both sides of appellant's track on the right-of-way, and that the grass had burned to the sawdust pile, and that there were some crossties burning on the railroad opposite the sawdust pile.

Another witness testified that between 5 and 6 o'clock he was on Mr. Cloud's place, and that while there a train of appellant went north; that after the train went by fire blazed up in the grass on this side of the track almost opposite the mill property. The train was going out of Prescott. That was the only fire he saw there, and it seemed to be from the sparks from the engine. It was opposite the mill about the blacksmith shop. He was there about an hour. The fire seemed to be burning along the track and on the railroad fence.

There was testimony before the jury to the effect that it was a dry time, and that there was a pile of sawdust between the railroad and the mill, and that there was dry grass and stubble. It was also in evidence that there was an upgrade near Prescott where the appellee's mill was situated and opposite the mill. There was testimony also before the jury to the effect that one of the engines that passed on the day of the fire, towit, No. 7, had a spark-arrester with holes in the meshes that were a quarter of an inch large, and that a spark the size of a pencil would go through the meshes.

It is contended by the appellant, and correctly so, that there is no direct evidence showing that any of the engines that passed appellee's property on the day of its destruction by fire were emitting cinders or sparks. But the evidence shows that it was daylight when the engine passed, and therefore it is not unreasonable to conclude that, even had the engine been emitting sparks and cinders, the same could not have been discovered. At any rate, there was positive testimony by one who had examined the spark-arrester of engine No. 7, which passed that day, that the meshes of such spark-arrester were large enough to have emitted sparks and cinders. Engine No. 7, that was shown to have had this defective spark-arrester, passed at 1:47 P. M. One witness discovered the fire in the vicinity of the right-of-way and the mill at the sawdust pile immediately after train 7 went south. He says: "I didn't see the fire until I got to it. I came into town behind No. 7. When I got to the fire, it was on both sides of the track. The fire was on this side of the railroad, on the east side, on the left side coming up. The grass was burning toward the sawdust pile from the right-of-way. It occurs to my mind that

it burned to the sawdust pile. I saw some crossties burning on the railroad. They were burning about opposite the sawdust pile. That was the day the mill burned. The burning of the mill, however, occurred at night." Another witness testified that between sundown and dark he was coming by the mill and saw fire in the sawdust pile close to the building. There was fire all around the mill that had been burning, smoke all around there. Another witness testified that he crossed the railroad going out of town, and as he crossed the track he saw a light on the right-hand side of the right-of-way. He returned about 9 o'clock, and the mill was falling in. The fire seemed to be coming down the northwest side of the mill.

There was testimony from which the jury might have concluded that the fire that burned the mill did not originate in the mill plant itself, although there was some testimony from which the jury might have drawn the opposite conclusion.

In *Byers* v. *Baltimore & I. R. Co.*, 72 Atl. 245, it is held that "though, in an action for loss by fire alleged to have been caused by sparks from a locomotive engine, the burden is on the plaintiff to prove by a preponderance of evidence that the fire was so communicated, it need not be shown that any particular engine was at fault, and the evidence may be wholly circumstantial."

In the case of *Gulf, C. & S. F. Ry. Co.* v. *Curry*, 135 S. W. 592, fire sprang up along the track and right-of-way of the defendant railway just after a train on said railway had passed, and this fire spread to adjoining premises and destroyed the property of the plaintiff. Witnesses in that case testified as to the appearance of the ground after the fire, and from their description the court said it was evident that the fire began on or near the railway track and burned from there over the premises upon which the property destroyed was situated. On the other hand, witnesses for appellant testified that the fire originated on the premises destroyed some distance from the railroad right-of-way, and was in progress some time before the train alleged to have caused the burning passed the place of the fire. Other witnesses on behalf of appellant in that case testified as to the perfect condition of the engines and that it was impossible for fire to escape. The court said:

"This testimony raised a conflict which it was the peculiar

province of the jury to determine, and, there being sufficient evidence to sustain the verdict, this court is not authorized to disturb it. If the plaintiff's witnesses are to be believed, and the jury have said they are, no other reasonable conclusion can be reached than that the fire was set out by an engine on appellant's road."

In the recent case of *Central Arkansas & E. Ry. Co. v. Goelzer,* 92 Ark. 569, a train passed at night, and the engine was emitting sparks, flying high. Soon after the train passed, appellee's barn, situated about 53½ feet from the center of the railroad track, was destroyed by fire. This court, speaking through Mr. Justice HART, said:

"The testimony on the part of the plaintiffs also tended to show that the fire occurred a short time after the engine passed; and there was no other explanation of the origin of the fire. This was sufficient evidence from which the jury might have inferred that the fire was caused by sparks emitted from defendant's engine. We cannot invade the province of the jury by attempting to pass upon the credibility of the witnesses, and the inferences which the jury may have legitimately drawn from the evidence are conclusive upon us. We think the jury might have found from all the facts and circumstances adduced in evidence that the fire was caused by sparks emitted from defendant's engine, and therefore we will not disturb the verdict."

The facts of the above case were no stronger to sustain the verdict of the jury than were the facts in the present case, and what was said by this court in that case is controlling here. See, also, *St. Louis Southwestern Ry. Co. v. Trotter,* 89 Ark. 273; *St. Louis, I. M. & S. Ry. Co. v. Coombs,* 76 Ark. 132; *St. Louis, I. M. & S. Ry. Co. v. Dawson,* 77 Ark. 434.

This court is committed to the doctrine that proof of the destruction of property by fire alleged to have been caused by the emission of sparks from the engines of railway companies may be made as well by circumstantial evidence as by positive and direct proof. We are of the opinion that the circumstances developed by the testimony in this case, under the doctrine already announced by this court in several cases, were sufficient to sustain the verdict of the jury.

Some objection is urged to the introduction of testimony

on behalf of the appellee, but we are of the opinion that no prejudicial error resulted from this testimony. There was evidence tending to prove that the property destroyed was of greater value, and it would have warranted a larger verdict, than that returned by the jury.

Finding no error, the judgment must be affirmed.