J. P. HAMILTON, Appellee, v. DES MOINES & KANSAS CITY RAILWAY COMPANY, Appellant.

| 84 | 131 |
| 111 | 563 |
| 84 | 131 |
| 117 | 347 |

1. **Change of Venue**: PREJUDICE: EVIDENCE: APPEAL. Where the evidence introduced upon an application for a change of venue is conflicting, the ruling of the district court thereon will not be disturbed upon appeal to the supreme court.

2. **Railroads**: FIRE SET OUT BY ENGINE: PROPERTY ONLY PARTIALLY INJURED: MEASURE OF DAMAGES. Where a fire set out by a railroad engine only partially injured the grass in a meadow and the trees in an orchard, *held*, that the measure of damages was the difference in value of the grass and trees before and after the fire.

3. ———: ———: NEGLIGENCE: INSTRUCTIONS TO JURY. The court instructed the jury that the escape of fire was to be regarded as *prima facie* evidence of negligence, and that it rests upon the defendant to rebut the presumption by showing that the engine was equipped with the best appliances in ordinary use for preventing the escape of fire, which were in good repair, and that the engine was carefully and skilfully handled; and further, in another paragraph of its charge, that the defendant was required to exercise reasonable care and diligence in securing and managing an engine. *Held*, that in view of the latter instruction the first was without prejudice to the defendant.

4. ———: ———: ———: ———. An instruction to the jury, asked by the defendant, to the effect that, if the jury found the fire "might have happened" from other causes than the defendant's engine, they should find for the defendant, *held* to have been properly refused.

*Appeal from Decatur District Court.*—HON. R. C. HENRY, Judge.

THURSDAY, DECEMBER 17, 1891.

ACTION to recover for loss incurred by the destruction of property of the plaintiff by fire set out upon his farm by an engine operated upon the defendant's railroad. The defendant appeals.—*Affirmed.*

*R. L. Parish*, for appellant.

*N. P. Bullock*, for appellee.

BECK, C. J.—I. The defendant through its proper officer made application for a change of venue of the case, based upon the ground of the preju-

1. CHANGE of venue: prejudice: evidence: appeal.

dice of the inhabitants of the county. The application, in accounting for the existence of the prejudice, contains statements and allegations as to the litigation between the defendant and many persons residing in the townships of the county through which the railroad was located, and great dissatisfaction with its management. It also sets out many articles published in a leading newspaper of the county, assailing officers of the road on account of their improper management of the business. The application was supported by the affidavits of a number of witnesses and counter affidavits tending to show that the prejudice charged in the application did not in fact exist. There is a conflict between the respective parties upon the motion. It cannot be said that an abuse of discretion of the judge is established. Indeed, it cannot be doubted that the evidence upon the motion so supported the decision thereon as to forbid us, under familiar rules applicable to the subject, to interfere.

II. The fire burned over a meadow and an orchard. The evidence does not show a total destruc-

2. RAILROADS: fire set out by engine: property only partially injured: measure of damages.

tion of the fruit trees in the orchard or the grass—timothy and clover—in the meadow. Some of the trees were killed, more were badly injured, and some were uninjured. The grasses of the meadow were badly injured. The plaintiff, testifying as a witness, was permitted to state that the meadow (not the land) was worth three dollars or four dollars per acre before the fire, and one dollar per acre after. His evidence plainly does not refer to the injury to the land, but to the meadow only. Another witness testified that the difference in the value of the orchard—meaning the trees—before and after the fire was two

hundred and fifty dollars. It is insisted that objections to this evidence, made by the defendant on the ground that it did not disclose the correct rule of damage, ought to have been sustained, counsel insisting that the true measure of damages is the cost of restoring the meadow to its prior condition. In case the trees and grass had been all destroyed, the measure of damage would have been as claimed by counsel,—the cost of restoration. *Vermilya v. Chicago, St. P. & K. C. Ry. Co.*, 66 Iowa, 606. But it is plain that the same rule does not prevail when there is simply injury to the meadow, the grass, and the trees of the orchard. It is obvious that, if the trees and grass were of some value in their condition after the fire, the defendant should be allowed the benefit of that value in estimating the damages—compensation—to which the plaintiff is entitled; and surely there is no error of which it may complain in allowing it such benefit. It is very plain that the cost of restoration might exceed the amount of damages where there was not a total destruction of the grass and trees. We conclude that no error is shown to the prejudice of the defendant in the admission of the evidence under consideration.

III. The court directed the jury that under the laws of the state the escape of fire is to be regarded as *prima facie* evidence of negligence, and that it rests upon the defendant to rebut the presumption by showing that the engine was equipped with the best appliances in ordinary use for preventing the escape of fire, which were in good repair, and that the engine was carefully and skillfully handled. Another instruction holds that the defendant is required to exercise reasonable care and diligence in securing and managing an engine. Counsel insist that the instruction first referred to errs in not directing the jury as to the care and diligence of the defendant. But this objection, if it actually exists, is cured by the other instruction just noticed. The instructions

3. ——: ——: negligence: instructions to jury.

are to be read and considered together in determining questions as to their correctness. Another instruction as to the defendant's liability for permitting dry grass and weeds to accumulate on the right of way is complained of by counsel, on the same ground. But another instruction directs that the defendant is to use reasonable care and diligence to prevent the accumulation of dry grass and weeds, thus removing the objection made by counsel. We do not pass upon these instructions and hold them correct. The plaintiff does not object to them, and we simply hold that they are not erroneous and prejudicial to the defendant.

IV. The refusal to give certain instructions is made the foundation of complaint. They are to the effect 4. —: —: —: that, if the jury found the fire "might have happened" from other causes than the defendant's engine, they should find for the defendant. It need scarcely be remarked that the jury were required to find according to the preponderance of evidence, and not according to speculative possibilities. The court properly directed the jury as to their duty to return a verdict in accord with the preponderance of the evidence.

V. Certain other rulings upon the admission of evidence are briefly mentioned, rather than argued. They deserve no special consideration. We think the rulings complained of are correct.

The evidence, in our opinion, well supports the verdict. The judgment of the district court is AFFIRMED.