## RAILWAY COMPANY *v.* JONES.

### Opinion delivered May 5, 1894.

1. *Opinion evidence—Damages.*
   The opinion of a witness as to the amount of damages sustained by the destruction of a meadow by fire is not admissible if there is no statement of the facts on which such opinion is based.

2. *Evidence of damage by fire—Proof of other fires.*
   Where it is a question whether a fire which destroyed a meadow originated from a spark communicated by a railroad engine, evidence that other fires had occurred on the line of the railroad, in the immediate vicinity and about the same time, is not admissible, without proof that such fires were caused by the engines of the railroad.

3. *Negligence—Damage by running trains.*
   Proof that a fire communicated from a railway company's right of way to adjoining lands escaped from the company's locomotive raises a presumption of negligence on the company's part, under Mansf. Dig. sec. 5537, which must be overcome by proving that the company was using proper and safe engines, and that its employees were conducting them in a proper and safe manner.

4. *Destruction of meadow—Measure of damage.*
   The damage to a meadow destroyed by fire is measured by the cost of re-seeding it and its rental value from the time of its destruction until it is restored.

Appeal from Washington Circuit Court.

EDWARD S. McDANIEL, Judge.

Action by Jones against the St. Louis & San Francisco Railway Company to recover damages for burning a meadow. The facts are stated by the court as follows:

The complaint alleges, first, that about the 18th of October, 1891, within a short distance from plaintiff's farm, the grass became ignited from sparks and cinders from defendant's engine, and burned five acres of plaintiff's meadow, to his damage in the sum of $65; second, that, on the 22d day of October, 1891, a passing train, by

sparks and cinders from the engine, set fire and burned thirty panels of fence and twenty acres of meadow, and damaged plaintiff in the sum of $275.

The answer denies specifically each allegation in both counts of the complaint.

The evidence in this case tends to show that, on the 22d of October, 1891, the south-bound passenger train of the appellant passed the appellee's place, and by some means set fire to dry grass and combustible materials that had accumulated on the right of way of appellant's road, and that the fire was communicated to, and burned over, about twenty acres of the appellee's timothy meadow, and destroyed the same; that the section hands had mowed down the grass sometime in the summer preceding the fire, and left it spread out over the right of way, and that it was very dry at the time the fire occurred; that the right of way was covered with the grass up to near the ends of the ties on the track; that it was worth three dollars per acre to re-seed the meadow.

On the trial the appellee, testifying, was permitted to state, over the objection of the appellant: "I estimate my loss at ten dollars per acre on account of the loss of a crop of hay, and three dollars per acre for breaking, seeding and harrowing the land"—to which appellant excepted.

Testimony was allowed to go to the jury, over the objection of the appellant, that there were, on the 22d of October, 1891, the day appellee's meadow was burned, fires on two farms on the railroad south of McCollum's farm, which adjoins the appellee's; that there was a fire on the 16th of the same month, and one on the 20th of May in the same year, on farms on the line of the railway, but it was not shown by the evidence how these fires occurred, or that they were set by fire escaping from the railroad's engines. To the admission of all this testimony the appellant excepted.

The testimony for the appellant tended to show that the locomotive, which it was claimed caused the fire on the 22d of October, 1891, when appellee's meadow was burned, was comparatively new; was one of the best made, with the best spark arrester known; that its fire-pan, box and spark-arrester were in perfect order, and properly handled on that day; that no fire was set on that day, by that engine, so far as the engineer and fireman on that engine knew; that the engine had been inspected by the company's inspector on the 10th of October, 1891; and that its appliances for holding fire and arresting sparks were of the most approved kind, of the best quality, and then in perfect order and condition.

The court instructed the jury as follows: "1. I charge you that it is the duty of all railroad companies in this State to use all reasonable care and diligence to avoid the burning of property by its trains, and they are liable for all damages caused by fire set to property by their trains if the same could have been avoided by the exercise of reasonable diligence and care on their part.

"2. I charge you that if you believe from the evidence that the railroad company negligently permitted dead grass and other combustible material to remain upon its right of way after it had knowledge of the same, or from reasonable diligence should have known the same, and that the same increased the danger from fire that might escape from its engines or trains, and that afterwards fire caught to the same from said company's trains upon their right of way, and spread over, burned and damaged plaintiff's meadow and fence, then you should find the issues for the plaintiff.

"3. In order to determine the damages sustained by the plaintiff, if you find he was damaged, you should take into consideration the condition of the meadow, as it was before the fire, and also its condition after the

fire, as shown by the evidence, and then determine from all the evidence what damage has been sustained by the plaintiff.''

And the court refused the following instruction asked by defendant, to which exception was duly taken:

"14.   The fact that the fire originated on the right of way would not authorize a recovery unless it is shown that the fire was set by the railway company or its employees.''

The defendant moved the court to require the jury to make the following special findings:

"If the jury find the issue for the plaintiff, they will then answer the following questions:   (1) What do you find as damages, if any, by the fire west of the track? (2) What act of negligence caused the fire west of the track?   (3) How was the fire west of the track set? (4) What act of negligence caused the fire on the east side of the track?   (5) What was the damage to the tract east of the track?   (6) How was the fire set on the east side of track?''   But the court refused to request or require the jury to make answer to any of said questions, to which defendant excepted.

The jury returned the following verdict:   ''We, the jury, find the issues for the plaintiff, and assess his damages at one hundred and forty-four and 75-100 dollars. D. E. Jackson, Foreman.''

The defendant then filed a motion for a new trial for the following reasons:   "(1) The court erred in admitting testimony over objection.   (2) The court erred in refusing to require special findings.   (3) The court erred in giving instructions and in refusing instructions. (4) The verdict was contrary to, and not supported by, the evidence, and was contrary to the law.''   This motion was overruled, to which the defendant excepted, filed his bill of exceptions, and appealed.

*E. D. Kenna* and *B. R. Davidson* for appellant.

1.   There was no proof to sustain the first count in the complaint.  It was not shown how the fire originated, nor that a train passed on that day or night.  *Denver & R. G. Ry.* v. *Morton,* Col. App. (February 13, 1893), 32, p. 345.

2.   It was error to admit testimony of other fires, without showing that the fires were set out by *this particular engine.*   13 A. & E. R. Cas. 469; 1 Redf. Railways, 476 (5th ed.) ; 4 Md. 242 ; 60 Mo. 227, 233 ; *ib.* 265 ; 78 Pa. St. 293–5 ; 42 N. H. 97–99.

3.   Plaintiff's *opinion* that he was damaged $10 per acre was not admissible in evidence.   79 Ind. 111, 116. The measure of damages for destroying a meadow is the cost of seeding, and the rental value while being restored. 23 A. & E. R. Cases, 108–115 ; 66 Ia. 606–616 ; 110 Ind. 225.

4.   The statutory presumption of negligence does not attach until it is shown that the fire originated from the engine.   49 Ark. 535 ; 42 *id.* 122 ; 56 *id.* 549 ; 29 Barb. 226 ; Whart. Neg. sec. 870.

5.   There is no legal obligation on a railroad to keep its right of way so clean that a fire could not be started on it.

*Thos. M. Gunter* for appellee.

1.   The railroad allowed combustible matter to accumulate on the right of way, and the fire originated from its train.  This made the company liable.   38 N. J. 5 ; 26 Wis. 223 ; 58 Ind. 476 ; 4 Neb. 268 ; 51 Ind. 150 ; 2 W. Va. 14; 18 Am. Ry. Rep. 154.

2.   Evidence of other fires along the line of the railroad, about the time the meadow was destroyed, was admissible.   50 Cal. 186 ; 2 Hun, 182 ; 25 N. Y. 544 ; 30 Mich. 181.

3.   Instructions 12, 13 and 14 for appellant were properly rejected by the court.  Those already given

·covered all the grounds. "A multiplication of instructions announcing the same legal principle tends only to encumber the record, perhaps to confuse the jury, and is not to be encouraged." 43 Ark. 193; 16 *id.* 628; 38 *id.* 334.

4. The jury were not governed by the opinion of plaintiff—the verdict shows it. The jury visited and viewed the meadow. Its admission was not prejudicial, and hence not reversible error. 31 Ark. 365.

HUGHES, J. (after stating the facts.) There was no reversible error in the refusal of the court to require the jury to answer questions which the appellant proposed. This was in the sound discretion of the court.

Instruction numbered fourteen, asked by appellant and refused, was substantially covered by instructions one and two for appellee, given by the court, and there was no reversible error in refusing number fourteen.

1. Opinion as to damages inadmissible. The court improperly permitted the appellee to state in testifying that he estimated his loss at $10 per acre. This was opinion evidence, without a statement of facts on which it was based sufficiently full to admit the opinion of the witness, which, with proper foundation, might have been admissible. "A witness is never permitted to estimate the amount of damages which a party has sustained by the doing or not doing of a particular act. That is the province of the jury, and not of the witness. He may state the facts showing the extent of the injury, and any other pertinent matter; but the measuring of damages is not a fact, but matter of opinion ·or speculation." *L. R. M. R. & Tex. Ry.* v. *Haynes*, 47 Ark. 497. It is stated in *Railway Company* v. *Lyman*, 57 Ark. 512, that "a farmer suing for the destruction of his crop may give his opinion as to the value of the crop at the time of its destruction, and state, as the basis of his valuation, the usual yield of the land in crop seasons similar to that in question."

The evidence that other fires had occurred on the line of the railroad than the one which destroyed the plaintiff's meadow was improperly admitted, as it was not shown that these fires were caused by the engines of the railroad, or that they occurred from the operation of its trains. If this had been shown, it might have been admissible as a circumstance tending to show that the condition of the right of way of the railroad was such that a fire might have occurred from sparks escaping from its engines, and igniting the dry grass and inflamable material on its right of way. But the fact that other fires had occurred, without proof that they were caused by the railroad, was inadmissible. And it was inadmissible to show that other engines had set fire to materials on or near the right of way, as a circumstance to show that the engine which caused the fire on this occasion, or its appliances, were defective or in bad condition. For such purpose the proof would have to be confined to fires caused by the engine that is said to have caused the fire that burned the appellant's meadow. In *Tilley* v. *St. Louis and San Francisco R. Co.*, 49 Ark. 542, it is said: "A railway company is bound to keep its track and contiguous land free from inflammable matter. It is not however negligence *per se* for it to permit the dry grass and vegetation to remain on its right of way. This is only a circumstance from which the jury may infer negligence." It is also said in this opinion, p. 540, that "a railway company, having the legal right to propel its cars by steam, is not liable for fires communicated by its engines, unless it has been negligent in their construction or management." It is also held in this case that where the fire that causes the injury is shown to have escaped from the locomotive of the railway, there is, under the statute (sec. 5537, Mansfield's Digest), a presumption of negligence upon the part of the railway, which it must, to

2. As to proving destruction by fire by showing other fires.

3. Presumption of damage by running of trains.

exonerate itself, overcome by proving that it was using proper and safe locomotives and engines, and that its servants were conducting them in a proper and safe way.

4. Measure of damage for destruction of meadow.

The instruction given at the instance of the appellee, which we number 3, was erroneous, as it failed to fix any measure of damages, but left the jury without any proper direction how to measure the damages, and was calculated to mislead them into the belief that the matter rested wholly with them to fix upon such a measure of damages as they saw fit. Where a meadow is destroyed by fire, the measure of damages is the cost of re-seeding the meadow, and its rental value until it is restored.* *Vermilya* v. *Chicago, etc. R. Co.* 66 Iowa, 108 ; *Pittsburgh, etc. R. Co.* v. *Hixon*, 110 Ind. 225.

There was no evidence to sustain the first count of the complaint. There was no evidence to sustain a verdict for the amount found by the jury in this case, as there was no proof of loss, save as to the cost of re-seeding the meadow. There was no proof of the rental value of the meadow, or of how long it would have required to restore it, after the fire, to as good condition as it was in before.

For the giving of the third instruction, and for want of proof to sustain the verdict, the judgment is reversed, and the cause is remanded for a new trial.

---

* NOTE.—As to when the cost of restoration is the measure of damage to real property, see *Hartshorn* v. *Chaddock*, 17 L. R. A. 426. (Rep.).