# J. A. BRADLEY v. IOWA CENTRAL RAILWAY COMPANY.

**Burning of Meadow:** MEASURE OF DAMAGE. Where a meadow is destroyed by fire, the measure of damages is the cost of restoring it to its former condition, and its rental value as such until it is restored.

SAME: *Hedges.* Where a hedge is destroyed by fire, the measure of damages is the difference between what the property is worth with the hedge and what it is worth without it.

SAME. Where a meadow is destroyed by fire, the plaintiff is entitled to recover the value of the growing grass destroyed, in addition to damages for injury to the meadow.

EVIDENCE. Where the cost of restoring a meadow destroyed by fire was in issue, evidence that plaintiff had rented it for a certain sum per acre before he began to remake it was properly excluded as immaterial.

SAME. Where the damages resulting from the burning of an old meadow were in issue, it was proper to exclude evidence by defendant to show that it was more profitable for plaintiff to have plowed it up and planted other crops.

*Exclusion.* Where a fire set by defendant's locomotive reached plaintiff's meadow after burning another meadow nearby, and it was shown that the grass on the two meadows was of equal height, it was reversible error to exclude evidence offered by defendant to show that the roots of the grass in the meadow burned first were not injured.

*Opinion evidence.* Opinions of witnesses as to the effect of flames on a meadow and hedge are admissible when they have shown themselves qualified to express an opinion.

**Trial:** INSTRUCTIONS: *Waived issue.* Case will not be reversed for failure to charge the jury on an issue which was waived in the court below.

**Appeal:** DENIAL OF ABSTRACT. A general denial by the appellee that appellant's abstract contains all the evidence does not conform to supreme court rule 22, and will be disregarded.

*Appeal from Appanoose District Court.*—HON. T. M. FEE, Judge.

TUESDAY, MAY 22, 1900.

Action to recover damages for property destroyed by fire, which, it is claimed, was negligently set out by an engine on defendant's road. There was a jury trial, and verdict for plaintiff. From a judgment rendered thereon, defendant appeals.—*Reversed.*

*George W. Seevers* and *Mabry & Payne* for appellant.

*C. F. Howell* for appellee.

Waterman, J.—Appellee denies generally that appellant's abstract contains all the evidence. This does not conform to rule 22, governing the practice in this court. We shall disregard it. See *City of Fort Madison v. Moore*, 109 Iowa, 476.

I. No particular complaint is made of the finding that defendant was negligent, so that fact may be accepted as established. The questions presented here relate to rulings on evidence, and to instructions given and refused. The property destroyed consisted of a quantity of hay, growing grass, the roots of grass in a meadow, and a hedge fence. The trial court adopted the theory that the measure of plaintiff's damage for injury to the meadow was the value of the growing grass and the cost of restoring the meadow to its former condition. Plaintiff introduced evidence to show the amount of both items. Appellee insists that defendant's exception to the evidence showing the cost of restoring the meadow was not sufficient to enable it now to claim, as it attempts to do, that this was not the correct measure of damage; but we think this is not so. The point is properly made, and the rule of damages is the first question we have to consider. In *Vermilya v. Railway Co.*, 66 Iowa, 606-616, we held that the measure of damage for the destruction of a meadow was the cost of restoring it to its condition before the fire. In *Graessle v. Carpenter*, 70 Iowa, 166, and *Hamilton v. Railroad Co.*, 84 Iowa, 131, this rule was confirmed, and these cases have

never been questioned, though it is true we have adopted a different rule where trees are destroyed; but we think we shall be able to show that some reason exists for the distinction. The purpose of the law, where one has been injured by the tort of another, is to reimburse the sufferer for his loss. Where one's meadow has been destroyed he is entitled to recover its value, and how better can its value be ascertained than by finding what it would cost to reproduce or restore it? While there is a conflict in the cases as to the manner in which such damage should be estimated, the rule in this state is not without support in authority. In *Railway Co. v. Jones,* 59 Ark. 105 (26 S. W. Rep. 595), it is held that, where a meadow is destroyed by fire, the measure of damages is the cost of reseeding it, and its rental value until it is restored. This we regard as a more accurate statement of the rule than merely to say that the measure is the cost of restoration. While this might result in giving plaintiff a better meadow than he lost, defendant cannot complain. It must make good the loss it has occasioned. If it cannot do this without doing something more, the plaintiff should not suffer. Defendant insists the rule by which the damages should be measured is the difference between what the farm was worth with the meadow and what it was worth without it. This is the method, we have held, by which the value of an orchard destroyed should be measured. *Rowe v. Railway Co.,* 102 Iowa, 286, and cases cited. And it was this rule the trial court applied to the hedge in the case at bar. An objection to this rule with relation to a meadow is that it is always possible to find many witnesses who would value a farm just as high without a meadow as with it, and yet to a man who wants a meadow it certainly has some value. The reason for the distinction this court has made in the manner of estimating the damages for the destruction of a meadow and those for the destruction of trees—and a hedge is to be considered the same as trees—is this: The value of the use during the time lost is an important element. This can be

accurately ascertained in the case of a meadow, but cannot as to trees or hedge. How long it will take to get grass in a certain field can be foretold with substantial certainty; how long it will take trees or a hedge to attain a certain size is largely a subject of guess. In any case, it takes so long as to leave too much room for doubtful elements to enter into the calculation. We think the case was tried on the correct theory as to the measure of damage, both as to the meadow and the hedge.

II. Plaintiff was allowed to introduce evidence of the value of the growing grass upon this meadow, and this, with the cost of restoring the meadow, was given the jury as an element of damages. The complaint on this score is that plaintiff was thus awarded double damages. This, we think, is not so. Restoring the meadow meant, and could only have been understood to mean, putting the grass roots in the condition they were before the fire. Clearly, the plaintiff was entitled to recover for the value of the grass, if any, which was destroyed. In a case quite similar to this, where a meadow was destroyed by fire the supreme court of Texas held that plaintiff was entitled, in addition to the value of the grass destroyed, to damages for injury to the roots. *Railway Co. v. Ayers* (Tex.) 8 S. W. Rep. 538. See also, *Railroad Co. v. Harlin*, 50 Neb. 698 (70 N. W. Rep. 263-268, 36 L. R. A. 417).

III. Plaintiff was asked on cross-examination whether he had not in fact rented this meadow field for two dollars and fifty cents per acre the year following the fire. An objection to this was sustained, and the claim is, the ruling was erroneous. Plaintiff was entitled to recover the cost of restoring the meadow, which included its rental value as such, even though he did not begin at once to remake it. What he did with the field in the interval was immaterial. If defendant had offered to show that, where newly seeded down to grass, the field had a rental

value for other purposes, that would not interfere with its restoration as a meadow, it would have been proper.

IV. Before the fire reached plaintiff's meadow, it passed over and burned the meadow of one Vinzant, near by, and defendant sought to show that the roots of the grass in Vinzant's meadow were not injured. This evidence was refused. The fire occurred in October, and in the spring following plaintiff's meadow was plowed up. It was shown that the grass on the two meadows was of equal height at the time of the fire. This was a sufficient showing of similar conditions to warrant the receipt of the testimony. It should have been admitted.

V. It was a part of the defendant's contention that this meadow was old and worthless, because it had grown up in bluegrass and redtop, and on cross-examination of a witness (Phillips) he was asked, in substance, whether it was not better to plow up a meadow that had bluegrass and redtop in it, and plant some other crop, and also whether such land is not the best for corn. These questions were objected to, and the objections properly sustained. Plaintiff was not obliged to plow up his meadow, and plant some other crop, though it might have been thought profitable to do so. He was entitled to keep his land in grass, and, if it had any value, to recover from one who destroyed the crop he saw fit to raise.

VI. Defendant offered two witnesses, who saw the meadow and hedge after the fire, and asked for their opinions as to the effect of the flames upon each. The testimony was excluded. These witnesses showed themselves qualified to express an opinion. That such opinions are admissible, see Lawson, Expert Evidence 15-19.

VII. Next, the instructions are complained of in this, that in stating the issues to the jury the defense of want of

negligence is not referred to. As we have said, no such defense is presented in this court. So far as the argument here is concerned, that issue is waived, and we may well conceive from this fact that it was abandoned in the court below. We shall not reverse a case for failure to present a defense to the jury, when the appellant does not consider it substantial enough to discuss it on appeal.

VIII. Some other questions are discussed, but they are either disposed of by what has been said, or are not likely to arise on another trial. For the reasons given, the judgment will be REVERSED.