## KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* WILSON.

### Opinion delivered November 9, 1914.

1.  NEGLIGENCE—RAILROADS—DAMAGE BY FIRE.—In an action for damages caused by a fire escaping from defendant railway company's right-of-way, the evidence *held* to show that a section crew, in the employ of the railway company, were engaged in burning off the railway company's right-of-way a short time before the fire which destroyed the plaintiff's property.

2.  NEGLIGENCE—RAILROADS—DAMAGE CAUSED BY FIRE—RIGHT-OF-WAY.— Where a section crew of a railroad company was seen engaged in burning off its right-of-way, a jury will be justified in finding that a fire which a short while thereafter burned over plaintiff's adjacent pasture field, was caused by the negligence of the section crew.

3.  DAMAGES—DESTRUCTION OF PERMANANT IMPROVEMENTS—MEASURE OF DAMAGES.—The measure of damages when permanent improvements on a farm are destroyed by negligence, is the difference in value between the farm without the improvements and the farm with the improvements.

4.  DAMAGES—DAMAGE BY FIRE—NEGLIGENCE.—A. leased a farm to B. for a term of years. Due to defendant's negligence a pasture was burned over, and the fence around the same destroyed. *Held,* a verdict by the jury was proper which covered the reasonable rental value of the premises for the remainder of the season, and the value of the fence destroyed.

Appeal from Little River Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

#### STATEMENT BY THE COURT.

H. B. Wilson instituted this action against the Kansas City Southern Railway Company to recover damages for the negligence of the defendant's servants in permit-

ting fire to escape from its right-of-way, whereby his pasture was burned and destroyed. The plaintiff had leased the land on which the pasture was burned; subsequently the owners of the land were also made parties to the action. The facts are as follows:

On the 21st day of October, 1911, H. B. Wilson leased a tract of land in Little River County, Arkansas, for a term of five years. In 1912 about one hundred acres of it was enclosed as a pasture. In the pasture were red top oats, peas, kafir corn, bermuda and other natural grasses. On Saturday evening, the 23d day of November, 1912, the pasture was burned over and the grass and other products on it entirely destroyed. A little more than a thousand fence posts and about a half mile of fence around the field were also destroyed by the fire and about a quarter of a mile of plank and board fence around his barn was also burned. A part of the fence destroyed by the fire was adjoining the right-of-way of the Kansas City Southern Railway Company. On Friday before the fire occurred the plaintiff saw H. Hicks, a section foreman and some section men burning off the right-of-way adjoining the farm. It was their custom to burn off the right-of-way every fall.

Two of the tenants on the farm as they went to town on Saturday afternoon saw the section men burning off the grass on the right-of-way of the railway company. The fire had not then got off of the right-of-way. Later in the afternoon the fire escaped from the right-of-way and burned the fence and pasture of the plaintiff as above stated.

Wilson testified that the rental value of the pasture was $150 and that a reasonable value of the posts destroyed was twelve to fifteen cents each; that it would cost about $35 to replace the fence around the pasture and about $26 to replace the plank and board fence around the barn. Another witness testified that he had bought some posts from the plaintiff Wilson on the farm, that they were good post oak posts and were reasonably worth fifteen cents each. Other facts will be referred

to in the opinion. The jury returned a verdict in favor of the plaintiffs in the sum of $160, and the defendant has appealed.

*Read & McDonough,* for appellant.

1. The court should have directed a verdict for appellant for want of evidence to show that the fire originated upon the right-of-way of appellant, and that the section men were the employees of appellant.

To sustain their complaint, it was necessary that appellees should prove that the railroad belonged to the Kansas City Southern Railway Company and that the section men referred to were its employees. 70 Ia. 185.

The court should have directed a verdict for appellant also because the proof is wholly insufficient to show that the employees set out the fire. No presumption will be indulged where a fact must be established by the burden of proof. There should be positive proof connecting the fires and showing a causal relation between the agency of the employees and the existence of the fire. 42 Pac. 602; 100 S. W. 504; 71 S. W. 1073; 83 N. W. 137; 79 N. W. 1032; 75 N. W. 1114; 47 N. E. 691; 33 S. E. 917; 29 S. E. 213; 121 Fed. 924; 100 N. W. 207; 79 N. W. 310; 55 S. E. 270; 110 N. W. 561; 86 Pac. 1010; 89 Ark. 274; 97 Ark. 287.

Evidence that the fire was set out by section men would not be sufficient. The statute of 1907 applies to the setting out of fires through the operation of trains or locomotives. 97 Ark. 287. There must be some proof, in order to show that the fire was set out negligently, that it was done through the operation of a train or locomotive. *Id.;* 105 Ark. 374.

2. It was clearly error to permit the plaintiff to testify as to the reasonable expense of replacing the fences. The measure of damages where permanent improvements are destroyed, is the difference in value between the farm with the improvements and the farm without the improvements. It is not the cost of reproducing the fences. 73 Ark. 464; 82 Ark. 387; 93 Ark. 46.

3. The measure of damages in case of the destruction of a pasture is the reasonable value of the land with

the pasture, and its value without it, or the reasonable rental value of the pasture.    67 Ark. 371; 82 Ark. 387; 95 Ark. 297.

*A. D. Dulaney* and *Steel, Lake & Head,* for appellees.

HART, J., (after stating the facts).    It is contended by counsel for the defendant that there is not sufficient evidence to support the verdict.    The testimony on the part of the plaintiff shows that some section men were engaged in burning off the right-of-way of the railroad on the Friday before the fire occurred.    This the railroad company was legally entitled to do.    The liability of the defendant to the plaintiff for the destruction by fire of its pasture and fence depends, first, upon the proof whether it resulted from its act, and, second, whether the fire resulted from the negligence of the defendant or its servants in burning off its right-of-way.    What would constitute such negligence or want of care and prudence as would render the railroad company liable for the destruction by fire from its act in burning off its right-of-way depends upon the circumstances as they existed at the time. See *Bizzell* v. *Booker,* 16 Ark. 314.

(1)    The testimony of the plaintiff, as abstracted by the defendant, shows that a part of the fence which was burned was on the right-of-way of the Kansas City Southern Railway Company and that some section men were engaged in burning off the right-of-way on Friday before the fire occurred on Saturday afternoon.    His testimony also shows that it was a custom of the section foreman and his crew to burn off the right-of-way every fall.    It is now contended by counsel for the railway company that the proof does not show that the section men were employees of the defendant company nor that they were engaged in burning off the right-of-way on the Saturday afternoon that the fire occurred.    As we have already seen, the testimony shows that a part of the fence burned was next to the right-of-way of the defendant railway company and the plaintiff knew the section foreman who was engaged in burning off the grass on Friday.    From these facts the jury might have inferred that the section

crew was in the employ of the defendant railway company.

The evidence of two of the tenants shows that the section crew was also engaged in burning off the right-of-way on Saturday afternoon just before the fire occurred and that when they saw them burning off the right-of-way the fire had not escaped from the right-of-way, and that there was no other fire burning in the neighborhood. From these facts the jury might have inferred that the same section crew was still engaged in burning off the right-of-way of the defendant company on Saturday.

(2) It was the duty of the foreman to prevent the fire from escaping from the right-of-way of the railroad company. There was no other fire in the neighborhood and the jury might have inferred that the section foreman after burning off the right-of-way, went off and negligently left fire burning there. That the wind which was blowing at the time fanned it into flame and that the fire escaped from the right-of-way of the railway company and burned the fence and pasture of plaintiffs.

(3) As to the measure of damages the court instructed the jury as follows: "If you find for the plaintiffs, the measure of your damages for the posts that were stacked on the lands would be the reasonable market value of the posts at the time, as shown by the evidence. The measure of damages for the destruction of the fence, if you believe that the fence was destroyed, would be the reasonable cost of replacing the fence as it was at that time. The measure of damages for the burning of the pasture grass, pea vines, or other stuff used for pasture, if any was burned, would be the reasonable rental or usable value of that pasture for the remainder of that season. If you find for the plaintiffs, then you will take these various elements and add them together, and 6 per cent interest upon the amount you find from that date until the present time. If you find for the defendant, of course your verdict would be, 'We, the jury, find for the defendant'."

It is insisted by counsel for the defendant that the court erred in permitting the plaintiff Wilson to testify as to the reasonable expense of replacing the fence and also in instructing the jury that a part of the measure of damages for the destruction of the fence would be the reasonable cost of replacing the fence as it was at that time. Counsel for the defendant insists that the measure of damages where permanent improvements are destroyed, is the difference in value between the farm without the improvements and the farm with the improvements, and we are of the opinion that counsel is correct in this. But it does not follow that the judgment should be reversed for that reason. The only issue of fact in the case was whether or not the defendants' servants were negligent in allowing fire to escape from its right-of-way to the premises of the plaintiffs and destroy their fence and pasture. The jury returned a verdict for the plaintiffs for $160. The case was tried on the 7th day of June, 1914. The fire occurred on the 23d day of November, 1912. The plaintiff Wilson testified that the reasonable value of the pasture for the remainder of that season was $150. Other evidence shows that the pasture contained peas, kafir corn, bermuda and other grasses. There is no attempt made to contradict the testimony of the plaintiff Wilson as to the reasonable value of the pasture for the remainder of the season, and we think his testimony in this respect might have been accepted by the jury as undisputed. The court told the jury that the plaintiff should be allowed 6 per cent. interest on the damage allowed from the time of the fire until the date of the trial. Six per cent interest on $150 for the period of time from the date of the fire until the date of the trial would amount to about $10. Therefore, it may be said that the undisputed evidence shows that the plaintiff was entitled to the amount of damages allowed him by the jury.

(4) In addition to this, another witness testified that he purchased some fence posts which were lying on the place, and that they were worth fifteen cents each. The plaintiff testified that more than a thousand fence

posts were destroyed by the fire and about a quarter of a mile of plank and board fence. The jury had a right to take into the jury box with them their common sense and experience in the every-day affairs of life, and when they took into consideration the reasonable rental value of the premises for the remainder of the season, and the fact that a half mile of fence around the pasture and a quarter of a mile of board and plank fence around the barn was destroyed by the fire, we think the undisputed evidence shows that the plaintiff was entitled to the amount of damages allowed him.

It is also claimed by counsel for the defendant that the court erred in instructing the jury that they might take into consideration the rental value of the pasture for the remainder of the season. We do not think the court erred in this respect. In the first place, the owners of the land and the tenant, Wilson, were all joined as plaintiffs in the suit, and, in the second place, the plaintiff, Wilson, had a five years' lease on the place, only one year of which had expired at the time the fire occurred. Therefore, the court properly told the jury to take into consideration the reasonable rental value of the pasture for the remainder of the season.

We find no error in the record and the judgment will be affirmed.