KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* CECIL.

## Opinion delivered April 26, 1926.

1. RAILROADS—LIABILITY FOR DAMAGE BY FIRE.—Under Crawford & Moses' Dig., § 8569, a railway company is liable, not only for injury to or destruction of property by such extraordinary hazards as the operation of a locomotive engine, but also by the acts of its servants or employees, such as burning off the right-of-way or building fires thereon or in proximity thereto.

2. RAILROADS—DAMAGE BY FIRE—SUFFICIENCY OF COMPLAINT.—Under Crawford & Moses' Dig., § 8569, a complaint alleging that defendant railway company "caused and permitted fire to escape" from its right-of-way, is sufficient, in the absence of a motion to make the complaint more specific.

3. RAILROADS—LIABILITY FOR DAMAGE BY FIRE—NEGLIGENCE.—In an action under Crawford & Moses' Dig., § 8569, against a railway company for damage to property by fire caused by the acts of its employees in permitting fire to escape from its right-of-way it was unnecessary to allege or prove negligence on the part of defendant or its employees.

4. RAILROADS—LIABILITY FOR DAMAGE BY FIRE—ATTORNEY'S FEE.— In an action against a railway company for damage to property by fire under Crawford & Moses' Dig., § 8569, it was proper to render judgment for a reasonable attorney's fee as incident to a judgment for damages.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; affirmed.

*James B. McDonough* and *Joseph R. Brown,* for appellant.

*Lake, Lake & Carlton,* for appellee.

SMITH, J.    Appellee sued the appellant railway company, and for his cause of action alleged "that the defendant, the Kansas City Southern Railway Company, on the 3d day of October, 1922, through the negligence of

its employees, who were engaged in the operation and work of said railway company along its right-of-way, caused and permitted fire to escape from the defendant's right-of-way and spread over on plaintiff's land, on which his orchard was located, and to burn over same, the result of said negligence being the burning and destroying of 406 peach trees and one-fourth of a mile of rail fence, to the plaintiff's damage in the sum of $1,100."

The answer of the appellant railway company denied specifically all the allegations of the complaint.

The jury returned a verdict for appellee in the sum of $380, and, after this had been done, appellee filed a motion for the allowance of an attorney's fee, and upon hearing this motion the court fixed a fee for appellee's attorneys of $75, and judgment was rendered for the damages assessed by the jury and the attorney's fee assessed by the court.

For the reversal of this judgment, it is insisted that the complaint stated a cause of action under which it was necessary for appellee to prove that the fire which destroyed appellee's orchard was caused by the negligence of some one of appellant's employees, and that no negligence was shown, and that the judgment should be reversed for this reason; and it is also insisted that, in no event, should an attorney's fee have been allowed.

Appellee insists that his cause of action was predicated upon § 8569, C. & M. Digest, which reads as follows: "All corporations, companies or persons, engaged in operating any railroad wholly or partly in this State, shall be liable for the destruction of, or injury to, any property, real or personal, which may be caused by fire, or result from any locomotive, engine, machinery, train, car or other thing used upon said railroad, or in the operation thereof, or which may result from, or be caused by, any employee, agent or servant of such corporation, company or person upon or in the operation of such railroad, and the owner of any such property, real or personal, which may be destroyed or injured, may recover all such damage to said property by suit in any court, in

the county where the damage occurred, having jurisdiction of the amount of such damage, and upon the trial of any such action or suit for such damage it shall not be lawful for the defendant in such suit or action to plead or prove as a defense thereto that the fire which caused such injury was not the result of negligence or carelessness upon the part of such defendant, its employees, agents or servants; but in all such actions it shall only be necessary for the owner of such property so injured to prove that the fire which caused or resulted in the injury originated or was caused by the operation of such railroad, or resulted from the acts of the employees, agents or servants of such defendant, and, if the plaintiff recover in such suit or action, he shall also recover a reasonable attorney's fee, to be ascertained from the evidence in the case by the court or jury trying the same. Provided, that the penalty prescribed by this section shall apply only when such employee, agent or servant is in the discharge of his duty as such.''

This statute has several times been construed by this court, and it will be necessary only to call attention to the construction placed upon the statute in these prior decisions.

In the case of *Clark* v. *St. L. I. M. & S. R. Co.*, 132 Ark. 257, which cited the case of *Kansas City Sou. Ry. Co.* v. *Wilson*, 119 Ark. 143, the statute was considered and construed.

We there said that, while this statute was somewhat involved and ambiguous, it was the intention of the Legislature, in enacting it, to make railroads liable, not only for injury to or destruction of property caused by such extraordinary hazard as the operation of a locomotive engine, etc., but also for the damage by fire caused "by the positive affirmative act of the servants or employees of railway companies in the operation of the railroad," and it was there also said that "the language (of the statute) is sufficiently broad to include such acts as the burning off and clearing up of the right-of-way or roadbed, or such acts as the building of fires on the right-of-way, or

in proximity thereto, while engaged in the work of repairing the railroad track or roadbed for the operation of trains.'' We there quoted with approval from the case of *Missouri Pacific R. Co.* v. *Cady,* 24 Pac. 1088, the following language from the Supreme Court of Kansas: ''The burning of dry grass, weeds and other combustible material which annually accumulates on the right-of-way is caring for the roadway and track.'' See also *Valley Lbr. Co.* v. *Westmoreland Bros.,* 159 Ark. 484.

Appellant insists that appellee did not allege, and did not prove, a cause of action under this statute, even as construed in the Clark case, *supra,* for the reason that it was not alleged that the railway company had set out the fire; nor was that fact proved. We think, however, that the allegations of the complaint, copied above, should be construed as containing this allegation. The complaint does allege that the railway company ''caused and permitted fire to escape from the defendant's right-of-way.'' This allegation is not very definite or specific, but there was no motion to make it more definite and specific.

Concerning this allegation appellant says: ''The complaint herein does not charge that the employees of the railroad company caused, or started, the said fire, which resulted in the damage complained of. It charges the employees caused and permitted fire to escape from the defendant's right-of-way to the plaintiff's land. It necessarily follows that a cause of action has not been stated under the statute referred to. The said statute applies only to a case where the employee has caused the fire. 'Cause' here is used as a verb, and is synonymous with the words 'produce,' 'to bring about.' 'Cause' means 'to produce or bring in existence,' says the Century Dictionary and Webster's International Dictionary. The above meanings are also given the word in the following cases:'' (which are cited).

We think the allegation that appellant ''caused'' the fire charged that appellant ''produced it'' or ''brought it about,'' that is, by some positive affirmative act the

railway company caused the fire. The complaint does not state what this act was, but, as we have said, there was no motion that this should be required.

It is true the complaint alleged that the railway company had "negligently caused and permitted fire to escape from the railroad's right-of-way," and the instructions given by the court submitting appellee's theory of the case required a finding of negligence, but this was an unnecessary allegation, and appellant was not prejudiced because this additional burden of proof was placed upon appellee.

The court gave, at the request of appellant, instructions which required the jury to find, before returning a verdict for appellee, that the employees of the railway company, while engaged in the operation and work of the railroad, caused and permitted fire to escape from the railroad right-of-way on to appellee's land. The jury was also told that "if the fire did not originate from any act of negligence of the employees of the defendant in setting out a fire for the purpose of clearing up the roadbed or right-of-way, and, if there was no negligence on the part of the defendant, a verdict must be rendered for the defendant."

In view of this instruction and the verdict returned by the jury in appellee's favor, the jury must have found that the fire which destroyed appellee's orchard was set out by the employees of the railway company while clearing up the right-of-way, and also made the unnecessary finding that this was negligently done.

Appellant insists that there is not only no testimony showing negligence, but that there is no testimony to support the finding that its employees set out the fire which destroyed the orchard. Passing upon this question we must, of course, give to the evidence which tends to support the verdict its highest probative value, and, when thus viewed, it may be stated as follows:

Jess Bass, who was twenty-one years old at the time of the trial, testified that he was a schoolboy when the fire occurred in 1922, and that, as he was returning from

school, he saw a fire southeast of the orchard, burning along the right-of-way, and that the fire was only about one hundred yards from the orchard, and that, when he passed again the next day, he saw that the fire had continued through the woods, to the orchard, and had burned the fruit trees.

Hal Barnes testified that he noticed where a pile of cross-ties had been burned on the right-of-way of the railroad, and that he saw some embers there freshly burned. These embers were about sixty or seventy-five feet from the point where the orchard cornered with the right-of-way fence, and the grass was burned from the point where the orchard cornered with the railroad right-of-way fence to the place where the pile of embers was on the right-of-way, and it looked as if it were recently burned.

The section foreman admitted that he had burned off the right-of-way, but he testified that the portion near appellee's orchard had been burned off on September 30, which was three days before the burning of the orchard, which occurred on October 3, and that the pile of ties had been burned in August.

The questions of fact in the case have been passed upon by the jury, and there has been a finding adverse to appellant's contention as to the origin of the fire, and in our opinion the testimony is legally sufficient to support the verdict.

As to the attorney's fee allowed by the court, it may be said that no complaint is made that the fee is excessive if the railway company is liable therefor, and on the question of liability it may be said that, inasmuch as we have held that the statute applies to damages resulting from a fire which the employees of a railroad set out on the right-of-way, and which is allowed to escape therefrom, the court was not in error in allowing the fee. In other words, if the statute applies, and the railroad is liable thereunder (and we have concluded that this liability was alleged, and the jury has found that it was proved), the party damaged has the right, as an incident

to a recovery under the statute, to recover also a reasonable attorney's fee, and it was therefore proper to render judgment for the attorney's fee as well as for the damage itself.

No error appearing, the judgment is affirmed.